# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-40236
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PABLO GARZA-GALVAN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-733-1

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pablo Garza-Galvan (Garza) appeals the 168-month sentence imposed following his guilty plea conviction for possession with intent to distribute 4,273 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred in determining that he had an aggravating role in the offense pursuant to U.S.S.G. § 3B1.1(a) because the factual conclusions in the presentence report (PSR) were disputed and unsubstantiated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garza did not provide any rebuttal evidence to refute the information in the PSR, nor did he demonstrate that the information was materially untrue. Thus, the district court was free to adopt the information in the PSR as its findings without further inquiry or explanation. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995); United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996). Further, although co-defendants Miguel Angel Sauceda-Franco and Jose Guadalupe Puente-Ramirez did not corroborate co-defendant Juan Manuel Sauceda-Franco's statement that they were hired by Garza, Garza admitted at the rearraignment hearing that he "possessed, and aided and abetted the possession of the marijuana by hiring the other co-defendants to package the marijuana at the stash house." Therefore, the district court's determination that Garza was an organizer or leader of a criminal activity that involved five or more participants is plausible in light of the record as a whole, and Garza has not shown clear error. See United States v. Fullwood, 342 F.3d 409, 415 (5th Cir. 2003).

Garza also contends that the district court erred when it denied him a safety valve reduction. Specifically, he argues that the district court's determination that he was not eligible for a safety valve reduction was based on its erroneous conclusion that he was an organizer or leader. Because the district court did not clearly err in determining that Garza was an organizer or leader pursuant to § 3B1.1(a), Garza was ineligible for a safety valve reduction. See U.S.S.G. § 5C1.2(a)(4). Therefore, Garza has not shown clear error. See United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED.